**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Thomas Bradley,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Lori Lynn Bradley,<br><br>　　　　　Defendant. | No. CV-22-00874-PHX-JJT<br><br>**ORDER** |

　　　　At issue are the Amended Complaint (Doc. 13) and Motion for Alternative Service (Doc. 15). In the Amended Complaint (Doc. 13), Plaintiff Scott Thomas Bradley, who appears *pro se*, raises claims against Defendant Lori Lynn Bradley, with whom Plaintiff had a child, for (1) common law kidnapping, (2) intentional infliction of emotional distress, (3) threatening or intimidation, (4) common law invasion of privacy, (5) disorderly conduct, (6) use of electronic communication to terrify, intimidate, threaten or harass, (7) harassment, and (8) domestic violence, all under Arizona law. As a basis for this Court's subject matter jurisdiction, Plaintiff alleges 28 U.S.C. § 1331, commonly referred to as federal question jurisdiction. (Doc. 13 ¶ 22.)

　　　　Unlike state courts, federal courts—including this Court—only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme

Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Here, diversity jurisdiction does not exist because Plaintiff and Defendant are both residents of Arizona. And because Plaintiff only brings claims under Arizona state law, federal question jurisdiction does not exist either. While Plaintiff refers to the United States Constitution in the Complaint, he does not raise any constitutional claim against Defendant. Indeed, such a claim in this context could only be brought against the state or a state actor, and Defendant is not a state actor. Because Plaintiff has no federal claim against Defendant, the Court lacks subject matter jurisdiction over this matter and must dismiss it.

**IT IS THEREFORE ORDERED** denying as moot Plaintiff's Motion for Alternative Service (Doc. 15).

**IT IS FURTHER ORDERED** dismissing this case for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 1st day of July, 2022.

Honorable John J. Tuchi
United States District Judge